Luisa Ana María, Arturo Leopoldo, Marina Petra Luz y
José Eulogio Vázquez por sí y como tutor este último
de sus menores hermanos Jaime José, Luz y Estela Ca-
talina Vázquez, demandantes y apelantes, *v.* Cipriano
Santos Lanchas, demandado y apelado.

No. 3490.—*Visto:* Mayo 18, 1925. *Resuelto:* Agosto 1, 1925.

Hipotecas—Ejecución de Hipotecas—Sentencia y su Ejecución—Nulidad de
Ejecución—Reclamación que Excede la Hipoteca.—No procede anular una
ejecución y venta efectuadas de acuerdo con el procedimiento de la Ley
Hipotecaria, aún cuando la reclamación de la demandante exceda a la hipo-
teca, si el requerimiento de la corte sigue no a la demanda sino a la escri-
tura de hipoteca, la orden entregada al márshal y notificada está redactada
sustancialmente en los mismos términos y aparece que, no obstante haberse
vendido la propiedad por una cantidad mayor, la propiedad adjudicada fué
vendida para cobrar una suma que no excedía la reclamación hipotecaria.

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), de-
clarando sin lugar la demanda, con costas. *Confirmada.*

*Juan B. Soto* y *Sebastián García,* abogados de los apelantes; *José
Martínez Dávila,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tri-
bunal.

La corte inferior se negó a anular una ejecución y venta
efectuadas de acuerdo con el procedimiento ejecutivo suma-
rio de la Ley Hipotecaria. La apelante trata de demostrar
que los demandantes en ella solicitaron y obtuvieron una
sentencia por una cantidad mayor a la permitida por la es-
critura de hipoteca.

La escritura de hipoteca, después de hacer mención de la
deuda principal, concedía hasta la suma de $1,150 para inte-
reses, costas y desembolsos. En la súplica de la demanda
en el procedimiento hipotecario se reclamaba la cantidad de
$8,400, $315 por intereses hasta octubre 31 último, y las cos-
tas, desembolsos y honorarios de abogado hasta la suma de
$1,150. La apelante sostiene que el demandante estaba so-
licitando la cantidad de $1,150 y $315 que harían que la re-
clamación excediera de la deuda hipotecaria reclamada. La
corte inferior opinó de otro modo.

Fijándonos hacia atrás, la suma por la cual la propiedad fué vendida era $9,710. Detallada esta cantidad era $8,400 de principal, $1,150 de intereses, costas y desembolsos, y $160 para honorarios de peritos. Estos últimos $160 fueron para honorarios de peritos en un juicio anterior que ambas partes estipularon debía hacerse y no es cuestión de discusión en esta apelación. Aparece suficientemente, por tanto, que la propiedad adjudicada al acreedor hipotecario fué vendida para cobrar la suma de $8,400 de principal y $1,150 para otras partidas, todo lo cual no excedía de la reclamación hipotecaria. Hubo procedimientos intermediarios y demoras para aumentar el total de los intereses y costas.

Aún cuando la reclamación de la demandante excedía a la hipoteca, el requerimiento de la corte no siguió a, la demanda, pero sí a la escritura de hipoteca. La orden de noviembre 11, 1916, después de la radicación de la demanda, era por $8,400 con intereses al 9 por ciento además de las costas, etc., hasta la suma de $1,150, repitiéndose prácticamente el lenguaje de la escritura de hipoteca. La orden entregada al márshal y notificada estaba redactada substancialmente en los mismos términos.

Volviendo a la demanda, resulta, pues, que es solamente un poco ambigua. En la fecha de su radicación sólo se debían por intereses $315, de manera que la demandante reclamaba esa suma específicamente y entonces se pedía la cantidad total permisible de $1,150. La demanda, sin embargo, es susceptible de leerse en el sentido de que en ella se reclama la suma de $315 y algo más que se debe al demandante hasta la cantidad total de $1,150, y así parece que fué entendido por la corte, el márshal y el postor en la subasta.

*Debe confirmarse la sentencia apelada.*